UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUGGERO MARIA SANTILLI,

    Plaintiff,

v.                                                          CASE NO: 8:07-cv-308-T-23MSS

FABIO CARDONE, et al.,

    Defendants.

_____/

**ORDER**

The pro se plaintiff sues the defendants Cornell University ("Cornell"), Instituto Nazionale Fisica Nucleare ("INFN"), and the Universita' Del L'Aquila (the "University of Aquila"). Cornell owns and operates arXiv, an Internet-based collection of physics manuscripts. The plaintiff alleges that after he attempted to post several of his manuscripts to arXiv's high energy physics section, the arXiv administrators relocated the manuscripts to the general physics section. Meanwhile, physicists Fabio Cardone ("Cardone"), Roberto Mignani ("Mignani"), and Alessio Marrani ("Marrani")[1] successfully posted their manuscripts to the high energy physics section. The plaintiff alleges that the physicists' papers "violate the most basic laws in physics," plagiarize the plaintiff's works, and violate the plaintiff's copyrights. The plaintiff alleges that INFN provides financial support to Cardone, Mignani, and Marrani, and that the University of Aquila employs Cardone. Cornell, INFN, and the University of Aquila move (Doc. 73, 74) to

---

[1] The third amended complaint (Doc. 69) also names Cardone, Mignani, and Marrani as defendants.

dismiss the plaintiff's claims in the third amended complaint, and the plaintiff responds (Doc. 75, 76) in opposition.

## Subject Matter Jurisdiction

The University of Aquila moves to dismiss the plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure. The University of Aquila claims immunity from suit as a "foreign state" within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(b) et seq. The FSIA provides the sole basis for obtaining subject matter jurisdiction over a foreign state. Guevara v. Republic of Peru, 468 F.3d 1289, 1294 (11th Cir. 2006). A defendant claiming immunity under the FSIA must initially demonstrate its status as a foreign state. The burden then shifts to the plaintiff to produce evidence showing an applicable exception to immunity. Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1290 (11th Cir. 1999). If the plaintiff satisfies its burden, the defendant must prove by a preponderance of the evidence the inapplicability of the exception. Aquamar, S.A., 179 F.3d at 1290.

Under section 1603(b), a "'foreign state' . . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state." An "agency or instrumentality" means any entity "(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, . . . and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country." The "separate legal person" requirement "'is intended to include a corporation, association,

- 2 -

foundation, or any other entity which, under the laws of the foreign state where it was created, can sue or be sued in its own name, contract in its own name, or hold property in its own name.'" Bowers v. Transportes Navieros Ecuadorianos, 719 F. Supp. 166, 170 (S.D.N.Y. 1989) (quoting H.R. Rep. No. 1487, 94th Cong., 2d Sess. 15, reprinted in 1976 U.S. Code Cong. & Admin. News 6604, 6614).  The "organ of a foreign state" requirement commends consideration of (1) whether the foreign state created the agency for a national purpose, (2) whether the foreign state requires the hiring of public employees and pays their salaries, (3) whether the foreign state funds the agency, (4) whether the agency holds an exclusive right to some right in the state, and (5) whether state law treats the agency as dependent on the foreign state.  Supra Med. Corp. v. McGonigle, 955 F. Supp. 374, 379 (E.D. Pa. 1997).

The University of Aquila submits the affidavit of its president, Fernando di Orio ("di Orio"), which explains that the university–originally established in 1458 and re-established by the Italian government in 1964–receives approximately seventy-five percent of its funding from the Italian government.  (Doc. 74, Ex. 1, ¶¶ 3, 15)  Di Orio states that "[t]he Italian government oversees and controls the University's budget, and the University must account to the Italian government for the spending of the funds."  (Doc. 74, Ex. 1, ¶ 15)  Di Orio insists that the university "conducts research that serves a national purpose."  (Doc. 74, Ex. 1, ¶ 16)

In Supra Medical Corporation v. McGonigle, the Eastern District of Pennsylvania held that a joint British medical and dental school failed to qualify as an organ of Her Majesty's Government even though the school was created by an act of Parliament,

- 3 -

received approximately seventy percent of its funding from the government, and was required to account to the government for its spending. The court found (1) that the school supplied no evidence that the teaching and training of medical and dental practitioners or the promotion of research serves a national or governmental purpose, (2) that the school supplied no evidence that the government actively supervised them or required them to hire public employees, (3) that the school served as only one source of medical and dental education in the United Kingdom and held no exclusive rights, and (4) that the law apparently treated the school as independent from the government. 955 F. Supp. at 379.

Similarly, the University of Aquila has supplied no evidence (1) that the university's purpose of teaching and conducting research serves a national purpose, (2) that the Italian government actively supervises the university or requires it to hire public employees, (3) that the university holds exclusive rights, or (4) that Italian law treats the university as dependent upon the government. Because the University of Aquila fails to demonstrate its status as an organ of the Italian government, the motion to dismiss (Doc. 74) for lack of subject matter jurisdiction is **DENIED WITHOUT PREJUDICE**.

Personal Jurisdiction

INFN and the University of Aquila move to dismiss the plaintiff's claims for lack of personal jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. Personal jurisdiction depends upon (1) whether the complaint alleges sufficient facts to satisfy one of the jurisdictional criteria contained in the long-arm statute and (2) whether

the exercise of personal jurisdiction comports with federal due process. See Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). The plaintiff must establish a prima facie case of personal jurisdiction. Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). If "the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Stubbs, 447 F.3d at 1360.

*Long-Arm Statute*

Under section 48.193(2), Florida Statutes, engaging in "substantial and not isolated activity within this state" subjects a defendant to general personal jurisdiction in Florida. Under section 48.193(1)(a), "[o]perating, conducting, engaging in, or carrying on a business or business venture in [Florida] or having an office or agency in [Florida]" subjects a defendant to specific personal jurisdiction in Florida. The plaintiff alleges that INFN and the University of Aquila "conduct[] routine business, specifically, in the State of Florida, including the sale, promotions and advertisement of works, exchange of students and faculty participating to meetings and conferences" and "have been engaged in selling, marketing, advertising and promoting books, journals, conventional publications and electronic publications in the state of Florida, as well as the rest of the world by [sic] therefore deriving an income from their business in the state of Florida." (Doc. 69, ¶¶ 11, 69, 87) In affidavits, INFN's president, Roberto Petronzio ("Petronzio"), and the University of Aquila's president, di Orio, each denies that his organization

(1) conducts "regular, routine, or substantial business activity in the State of Florida" or (2) sells, markets, advertises, and promotes books, journals, conventional publications, and electronic publications in Florida. (Doc. 74, Ex. 1, ¶¶ 5-6, 8-10; Ex. 2, ¶¶ 7-8, 10-12)  In failing to present evidence rebutting INFN's and the University of Aquila's evidence, the plaintiff fails to establish general personal jurisdiction over either INFN or the University of Aquila under section 48.193(2) and fails to establish specific personal jurisdiction over either defendant under section 48.193(1)(a).

Under section 48.193(1)(b), "[c]ommitting a tortious act within [Florida]" subjects a defendant to specific personal jurisdiction in Florida.  The plaintiff must demonstrate that an activity in Florida was essential to the completion of the tort.  See Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 857 (11th Cir. 1990). The plaintiff claims that INFN and the University of Aquila are vicariously liable for the copyright infringement perpetrated by each defendant.  (Doc. 69, ¶ 68, 86)  While copyright infringement is a "tortious act" within the meaning of section 48.193(1)(b), the plaintiff fails to demonstrate that each defendant committed an essential component of the alleged tort in Florida.  The plaintiff fails to establish Florida's in personam jurisdiction against either INFN or the University of Aquila under section 48.193(1)(b).  Because the plaintiff fails to satisfy long-arm jurisdiction, the analysis ends.  However, even assuming the plaintiff established jurisdiction under Florida's long-arm statute, due process precludes Florida's exercise of in personam jurisdiction over INFN and the University of Aquila.

*Due Process*

A defendant submits to personal jurisdiction in the forum state only if it has minimum contacts within the state. "[T]he contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum" and "reasonably anticipate[s] being haled into court there." Posner, 178 F.3d at 1220. The plaintiff has supplied no evidence that either INFN or the University of Aquila has purposefully availed itself of the privilege of conducting activities within Florida. In employing Cardone, Mignani, and Marrani, neither INFN nor the University of Aquila could have anticipated being haled into court in Florida.

Fair play and substantial justice commend consideration of (1) the burden on INFN and the University of Aquila in defending the suit in Florida, (2) Florida's interest in adjudicating the suit, and (3) the plaintiff's interest in obtaining effective relief. See, e.g., Madara v. Hall, 916 F.2d 1510, 1517 (11th Cir. 1990). INFN and the University of Aquila would incur a substantial burden if forced to defend the suit in Florida. The state has little interest in adjudicating the suit. The plaintiff has failed to demonstrate a significant interest in obtaining relief. The plaintiff states at most a dubious claim for relief and suggests no basis nearly sufficient to merit a judgment of $15 million against each defendant. INFN's and the University of Aquila's motions (Doc. 74) to dismiss for lack of personal jurisdiction are **GRANTED**.

<u>Sufficiency of Process and Service of Process</u>

Cornell moves (Doc. 73) to dismiss the third amended complaint for insufficient process and service of process pursuant to Rule 12(b)(4) and (5). Rule 4, Federal

Rules of Civil Procedure, requires a plaintiff to serve upon each defendant a copy of the summons and pending complaint. A summons must "be directed to the defendant."

In the first amended complaint (Doc. 12), the plaintiff names David J. Skorton ("Skorton"), president of Cornell, as a defendant, but fails to name Cornell as a defendant. The Clerk issued (Doc. 13) a summons for Skorton and the plaintiff served Skorton. In the second amended complaint (Doc. 63), the plaintiff names Cornell, but not Skorton, as a defendant. The Clerk issued no summons for Cornell, and a January 7, 2008, order (Doc. 68) dismisses the second amended complaint. In the third amended complaint (Doc. 69), the plaintiff names Cornell as a defendant. The Clerk has issued no summons for Cornell, and the plaintiff has requested no summons.

The plaintiff served upon Skorton (and arguably Cornell) a summons directed at Skorton (and arguably Cornell), as well as the first amended complaint, which names only Skorton as a defendant. The plaintiff has failed to serve upon Cornell a summons along with the third amended complaint. The plaintiff has therefore failed to effect sufficient process and service of process as to Cornell. Cornell's motion (Doc. 73) to dismiss pursuant to Rules 12(b)(4) and (5) is **GRANTED**.

### Failure to State a Claim

Cornell moves (Doc. 73) to dismiss each claim for failure to state a claim pursuant to Rule 12(b)(6). Against Cornell, the plaintiff asserts claims of copyright infringement (count four), conversion (count five), "discrimination under public support" (count six), "misuse of public funds" (count seven), and temporary injunction (count eight).

*Copyright Infringement*

To state a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 106 and 501, a plaintiff must prove (1) ownership of a valid copyright and (2) copying by defendant of original elements of the work. See Corwin v. Walt Disney World Co., 475 F.3d 1239, 1253 (11th Cir. 2007). Rule 8, Federal Rules of Civil Procedure, requires an allegation of the plaintiff's present ownership of a copyright, the plaintiff's copyright registration, and the defendant's infringement. Mid America Title Co. v. Kirk, 991 F.2d 417, 421 (7th Cir. 1993); Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1121 (C.D. Cal. 2001).

The plaintiff alleges that Cornell published an unspecified number of works authored by Cardone, Mignani, and Marrani, which "plagiarize the plaintiff's 'isotopies of special relativity, of the Minkowski space and of the Lorentz symmetry' beginning from their title and then continuing in the copy ad litteram of all symbols, of all equations and of all texts used in their derivation, as any ethical sound expert will testify by comparing published works in Exhibit G with the copyright works in Exhibit D." (Doc. 69, ¶ 31) The plaintiff alleges ownership of a valid copyright but fails to allege copyright infringement. The plaintiff seems to confuse plagiarism with copyright infringement. Black's Law Dictionary defines plaigarism as "[t]he deliberate and knowing presentation of another person's original ideas or creative expressions as one's own." Black's Law Dictionary 1187 (8th ed. 1999). In alleging that Cornell copies the plaintiff's "'isotopies of special relativity, of the Minkowski space and of the Lorentz symmetry'" the plaintiff seems to

allege copying of the plaintiff's ideas. The Copyright Act contains no prohibition against the use of another's ideas.[2]

*Conversion*

Florida law defines conversion as "an unauthorized act which deprives another of his property permanently or for an indefinite time." Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1291 (11th Cir. 2001). Copyright infringement will not form the basis of a conversion claim because copying a plaintiff's work amounts to an invasion of an intangible property right but fails to deprive the plaintiff of his property. Local Trademarks v. Price, 170 F.2d 715, 718-19 (5th Cir. 1948); Glades Pharm., LLC v. Murphy, 2005 WL 3455857 at *8 (N.D. Ga. Dec. 16, 2005). The plaintiff alleges that "[b]eginning from the year 2004, [Cornell] converted for its own financial and other benefits the copyrighted work by the plaintiff, therefore depriving the plaintiff of his own property." (Doc. 69, ¶ 37) Using copyright infringement as the basis of his conversion claim, the plaintiff fails to state a claim for relief.[3]

---

[2] "'Plagiarism, which many people commonly think has to do with copyright, is not in fact a legal doctrine. True plagiarism is an ethical, not a legal, offense and is enforceable by academic authorities, not courts. Plagiarism occurs when someone – a hurried student, a neglectful professor, an unscrupulous writer – falsely claims someone else's words, whether copyrighted or not, as his own. Of course, if the plagiarized work is protected by copyright, the unauthorized reproduction is also a copyright infringement.'" Black's Law Dictionary 1187 (8th ed. 1999) (quoting Paul Goldstein, Copyright's Highway 12 (1994)).

[3] Section 301(a) of the Copyright Act also likely preempts the plaintiff's conversion claim. See Garrido v. Burger King Corp., 558 So. 2d 79 (Fla. 3d DCA 1990).

- 10 -

*Discrimination Under Public Support*

The plaintiff alleges that his qualifications and seniority surpass that of Cardone, Mignani, and Marrani.  (Doc. 69, ¶ 41)  The plaintiff argues that Cornell has discriminated against him by placing his articles in the general science category while placing the other physicists' articles in a specialized category.  (Doc. 69, ¶ 41)  The plaintiff fails to allege the legal basis for the discrimination claim and fails to state a claim for relief.

*Misuse of Public Funds*

The plaintiff alleges that Cornell has violated federal and state laws and regulations because the use of the public funds "has not been in conformity with the conditions under which said funds were granted."  (Doc. 69, ¶ 43)  Specifically, Cornell has added plagiarizing works to arXiv, has published works "that are catastrophically inconsistent in the sense of violating most of the basic laws in physics," and has refused to correct the problem.  (Doc. 69, ¶¶ 45-48)  Failing to cite any statute, regulation, or other authority relating to the misuse of public funds, the plaintiff fails to state a claim for relief.

*Temporary Injunction*

The plaintiff alleges that he has suffered irreparable harm as a result of Cornell's publication of the plagiarizing works.  (Doc. 69, ¶ 52)  However, for the reasons above, the plaintiff fails to allege a legal basis for a temporary injunction and fails to state a claim.

Conclusion

Cornell's motion (Doc. 73) to dismiss each claim (counts four, five, six, seven, and eight) is **GRANTED**, and each count is **DISMISSED WITHOUT PREJUDICE**. The plaintiff may amend the third amended complaint on or before **Friday, August 22, 2008**. After filing the fourth amended complaint, the plaintiff (1) shall request from the clerk a summons directed to Cornell and (2) shall serve upon Cornell the summons and a copy of the fourth amended complaint on or before **Friday, September 5, 2008**. INFN's and the University of Aquila's motion to dismiss (Doc. 74) is **GRANTED**, and the plaintiff's claims against INFN and the University of Aquila are **DISMISSED**.

ORDERED in Tampa, Florida, on July 18, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE