UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUGGERO MARIA SANTILLI,

    Plaintiff,

v.                                         CASE NO: 8:07-cv-308-T-23MSS

FABIO CARDONE, et al.,

    Defendants.
_____/

**ORDER**

    The pro se plaintiff sues the defendants Cornell University ("Cornell"), Instituto Nazionale Fisica Nucleare ("INFN"), the Universita' Del L'Aquila (the "University of Aquila"), "World Scientific," and the president of each organization—David J. Skorton ("Skorton"), Roberto Petronzio ("Petronzio"), Ferdinando di Orio ("di Orio"), and K.K. Phua ("Phua"), respectively. Cornell owns and operates arXiv, an Internet-based collection of physics manuscripts. The plaintiff alleges that, after he attempted to post several of his manuscripts to arXiv's high energy physics section, the arXiv administrators relocated the manuscripts to the general physics section. Meanwhile, physicists Fabio Cardone ("Cardone"), Roberto Mignani ("Mignani"), and Alessio Marrani ("Marrani") successfully posted their manuscripts to the high energy physics section. The plaintiff alleges that the physicists' papers "violate the most basic laws in physics," plagiarize the plaintiff's works, and violate the plaintiff's copyrights. The plaintiff alleges that INFN provides financial support to Cardone, Mignani, and Marrani and that the University of Aquila employs Cardone.

A July 18, 2008, order (Doc. 90) dismisses the third amended complaint (Doc. 69).  The order dismisses for lack of personal jurisdiction the plaintiff's claims against the University of Aquila and INFN.  The order dismisses the claims against Cornell for failure to state a claim and grants the plaintiff leave to amend the third amended complaint on or before August 22, 2008.  An August 20, 2008, order (Doc. 93) denies the plaintiff's motion to reconsider the order dismissing the third amended complaint.

On August 22, 2008, the plaintiff filed the fourth amended complaint (Doc. 94), which again names the University of Aquila and INFN as defendants.  The University of Aquila and INFN move (Doc. 99) to dismiss the plaintiff's claims in the fourth amended complaint for lack of personal jurisdiction.  Cornell and Skorton move (Doc. 100) to dismiss the claims against them for failure to state a claim.

### Personal Jurisdiction over the University of Aquila and INFN

The July 18, 2008, order granting the University of Aquila's and INFN's motions to dismiss for lack of personal jurisdiction finds that the plaintiff failed to allege sufficient facts to show that the defendants fall within Florida's long arm statute, section 48.193, Florida Statutes.  The order also states that due process of law mandates dismissal of the plaintiff's claims against the University of Aquila and INFN.

In the fourth amended complaint, the plaintiff alleges that "[t]he conduction of vast business by defendants INFN and [the University of Aquila] in the state of Florida is so internationally well known, that the plaintiff felt no need for documentation in the Third Amended Complaint."  (Doc. 94, ¶ 15)  "As a mere indication" of the University of

Aquila's and INFN's substantial activities in Florida, the plaintiff submits various documents from unidentified websites purporting to establish that the University of Aquila and INFN conduct business in Florida.  (Doc. 94, exh. R)  For example, Exhibit R1, apparently a printout from a Harvard website, identifies a scholarly article titled "High Resolution Spectroscopy of B$\Lambda$12 by Electroproduction."  (Doc. 94, exh. R) The webpage lists several dozen authors and lists several dozen institutions under the heading "Affiliation."  Among the "affiliated" institutions are INFN and Florida International University.  However, the fact that an author from INFN may collaborate with an author from a university in Florida fails to establish that INFN conducts business in Florida.   The fourth amended complaint also fails to resolve any of the due process concerns raised in the July 18, 2008 order.  Finally, the plaintiff fails to oppose the University of Aquila and INFN's motion to dismiss.

Accordingly, the plaintiff fails to establish (1) that either the University of Aquila or INFN conducts substantial business in Florida and (2) that haling these defendants into Florida court comports with due process.  For the reasons stated above and in the July 18, 2008, and the August 20, 2008, orders, the University of Aquila and INFN's motion (Doc. 99) to dismiss is **GRANTED**, and counts eight and ten of the fourth amended complaint are **DISMISSED**.[1]

---

[1] The plaintiff apparently misinterprets the July 18, 2008, order dismissing the claims against INFN and the University of Aquila.  The order dismisses the plaintiff's claims against INFN and the University of Aquila without prejudice to the plaintiff's refiling those claims in another jurisdiction.  A court without personal jurisdiction over the defendant may not adjudicate a claim against the defendant.

Failure to State a Claim

Cornell and Skorton move (Doc. 73) to dismiss each claim for failure to state a claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Against Cornell, the plaintiff asserts claims of copyright infringement (count one), conversion (count two), breach of fiduciary duty (count three), "discrimination under public support" (count four), "misuse of public funds" (count five), and temporary injunction (count six). Additionally, the plaintiff asserts the vicarious liability of Skorton (count seven), Petronzio (count nine), and di Orio (count eleven). The plaintiff files a two-page memorandum (Doc. 102) in opposition to Cornell's motion to dismiss.[2]

*Copyright Infringement*

To state a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 106 and 501, a plaintiff must prove (1) ownership of a valid copyright and (2) copying by the defendant of original elements of the work. See Corwin v. Walt Disney World Co., 475 F.3d 1239, 1253 (11th Cir. 2007). Rule 8, Federal Rules of Civil Procedure, requires an allegation of the plaintiff's present ownership of a copyright, the plaintiff's copyright registration, and the defendant's infringement. Mid America Title Co. v. Kirk, 991 F.2d 417, 421 (7th Cir. 1993); Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1121 (C.D. Cal. 2001).

---

[2] The plaintiff's memorandum opposes the motion to dismiss on the following grounds: "1) The plaintiff's constitutional right for a trial; 2) the incontrovertible jurisdiction and venue of the U.S. District Court, the Middle District in Tampa on grounds of the plaintiff [sic] residence and the vast business conducted by the defendant(s) in the State of Florida; and 3) The serious financial and other damage suffered by the plaintiff because of the alleged action by said defendant(s)." (Doc. 102) The plaintiff's memorandum fails to address any of Cornell's arguments for dismissing the complaint.

The fourth amended complaint alleges that the plaintiff owns the copyrights in exhibit C and that the copyrights were properly filed before Cornell's alleged infringement. However, the plaintiff's allegation of infringement falls short. The plaintiff alleges that Cornell "published in their electronic archives 'arXiv' works by Cardone, Mignani and Marrani as per exhibit G infringing the plaintiff's copyrights as listed in exhibit C." Exhibit G contains pages of various articles downloaded from Cornell's archives. Each page contains the plaintiff's handwritten remarks such as "fraud in title," "incredible scientific dishonesty and fraud," "not one quotation of the originator of the theories," and "incredible fraud!" (Doc. 94, exh. G) The plaintiff fails to identify a single sentence that infringes on one of the plaintiff's copyrights. A thorough review of exhibit G reveals that the plaintiff's actual complaint is that the plaintiff's colleagues failed to credit the plaintiff for ideas he claims as his own. As stated in the July 18, 2008, order, "The Copyright Act contains no prohibition against the use of another's ideas." (Doc. 90 at 10)

*Conversion*

Florida law defines conversion as "an unauthorized act which deprives another of his property permanently or for an indefinite time." Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1291 (11th Cir. 2001). Copyright infringement will not form the basis of a conversion claim because copying a plaintiff's work amounts to an invasion of an intangible property right but fails to deprive the plaintiff of his property. Local Trademarks v. Price, 170 F.2d 715, 718-19 (5th Cir. 1948); Glades Pharm., LLC v. Murphy, 2005 WL 3455857 at *8 (N.D. Ga. Dec. 16, 2005). The plaintiff alleges that

"[b]eginning in the year 2004, defendant [Cornell] converted for its own financial and other benefits the works by Cardone, Mignani and Marrani that infringed copyrighted work by the plaintiff, therefore depriving the plaintiff of his own property." (Doc. 94, ¶ 56)  As stated in the July 18, 2008, order, copyright infringement may not form the basis of a conversion claim.  Accordingly, the plaintiff fails to state a claim for conversion against Cornell.

### *Breach of Fiduciary Duty*

The plaintiff alleges that Cornell breached a fiduciary duty by publishing fraudulent papers by other scientists and by denying the plaintiff the opportunity "to upload his own papers in the same section of the arXiv." (Doc. 94, ¶ 59)  "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of that relation." Doe v. Evans, 814 So. 2d 370 (Fla. 2002) (quoting Restatement (Second) of Torts § 873 cmt. a).  "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So. 2d 536, 540 (Fla. 5th DCA 2003).  Because the plaintiff fails to allege how Cornell undertook to advise, counsel, or protect the plaintiff, the plaintiff fails to state a claim for breach of fiduciary duty.

### *Discrimination Under Public Support*

The plaintiff alleges that he "has been a victim of severe discrimination" by Cornell in violation of 5 U.S.C. § 2302.  (Doc. 94, ¶ 62)  However, section 2302 applies to

government employees. The plaintiff alleges neither that Cornell is a government employer nor that Cornell ever employed the plaintiff. Accordingly, the plaintiff fails to state a claim for "discrimination under public support."

### *Misuse of Public Funds*

The plaintiff alleges that Cornell discriminated against the plaintiff by preventing the plaintiff from "uploading his works in the desired section of the arXiv." The plaintiff alleges that this discrimination constitutes a "clear misuse of public funds" in violation of section 112.313, Florida Statutes. (Doc. 94, ¶ 64) Section 112.113 imposes standards of conduct for "public officers, employees of agencies, and local government attorneys." The plaintiff fails to allege that Cornell is a public officer, employee, or local government attorney for the state of Florida. Accordingly, the plaintiff fails to state a claim for misuse of public funds.

### *Temporary Injunction*

The plaintiff alleges that he has suffered irreparable harm as a result of Cornell's publication of the plagiarizing works. (Doc. 94, ¶ 73) However, for the reasons stated above, the plaintiff fails to allege a legal basis for a temporary injunction and fails to state a claim.

### *"Respondeat Superior"*

In count seven, the plaintiff asserts Skorton's liability respondeat superior for the actions of Cornell. The plaintiff alleges that "Skorton must assume the primary responsibility for the above identified illegal acts under the doctrine of Respondeat

Superior that makes an employer liable for the torts and illegal actions committed by its employees unless duty [sic] corrected." (Doc. 94, ¶ 76)

An employer is vicariously liable for a tortious act of an employee committed within the scope of the employee's employment. See, e.g., Variety Children's Hosp., Inc. v. Perkins, 382 So. 2d 331, 335 (Fla. 3d DCA 1980). Absent sufficient allegations that an employee has committed a tort, no vicarious liability arises under respondeat superior. See Colle v. Atl. Coast Line R.R. Co., 14 So. 2d 422, 424 (Fla. 1943).

Skorton is an employee of Cornell—Cornell is not an employee of Skorton. Because Cornell is not an agent of Skorton, the plaintiff fails to allege liability respondeat superior against Skorton. For the same reason, the plaintiff also fails to state a claim against either Petronzio or di Orio.

*Remaining Claims*

The balance of the fourth amended complaint asserts claims against Phua and World Scientific for copyright infringement (count twelve), conversion (count thirteen), and temporary injunction (count fourteen). The plaintiff's claims against Phua and World Scientific suffer from the same shortcomings as the plaintiff's claims against the other defendants. Plagiarism cannot form the basis of a claim for copyright infringement, and copyright infringement cannot form the basis of a claim for conversion. Accordingly, the plaintiff fails to state a claim against Phua and World Scientific.

Conclusion

A pleading drafted by a pro se party is interpreted under less stringent standards than a pleading drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "[e]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Even under the liberal standard for interpreting a pro se complaint, the plaintiff fails to state a claim against any party. Because the plaintiff fails to state a claim after four chances to amend his complaint, further leave to amend is unnecessary.

Accordingly, the University of Aquila and INFN's motion (Doc. 99) is **GRANTED**, and the plaintiff's claims against the University of Aquila and INFN are **DISMISSED**. The University of Aquila and INFN are **DISMISSED AS PARTIES** to this action. Cornell's motion (Doc. 100) to dismiss is **GRANTED**, and the remainder of this action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on October 7, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE